UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT KASMERSKI, etc., et al., | ) | CASE NO. 1:07CV109 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| MALACHI HOUSE, | ) | |
| | ) | |
| Defendant. | ) | |

## CHRISTOPHER A. BOYKO, J.:

This matter comes before the Court upon consideration of the Statement of Legal Services and Expenses, submitted on behalf of Plaintiffs' counsel, Anthony J. Lazzaro. For the reasons that follow, the Court awards fees in the amount of Twenty Thousand Dollars ($20,000.00).

### I. BACKGROUND

On January 15, 2007, this collective action was filed for the recovery of overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Thereafter, on February 22, 2007, the parties reached an in-court settlement, subject to the Court's review.

consideration and determination of reasonable attorney fees. Plaintiffs' counsel submitted an unredacted invoice to the Court on February 23, 2007; Defendant filed a response on March 2, 2007; and Plaintiffs' Reply (response) was filed on the same date.

## II. LAW AND ANALYSIS

### Standard of Review

Pursuant to § 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), "[t]he court ... shall, in addition to any judgment awarded to a plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant." Neither the Act nor its legislative history provides any explanation of the meaning of "reasonable" or the impact of a contingent fee agreement on the Court's evaluation. An award of attorney fees under § 216(b) is mandatory; but the amount awarded is within the discretion of the district court. *Montgomery Ward & Co. v. Antis*, 158 F. 2d 948, 952 (6th Cir. 1947).

> "The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act. Moreover, the purpose of § 216(b) is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances; '[o]bviously Congress intended that the wronged employee should receive his full wages ... without incurring any expense for legal fees or costs." *United Slate, Tile and Composition Roofers, Damp and Waterproof Workers Association, Local 307 v. G & M Roofing and Sheet Metal Company, Inc.*, 732 F. 2d 495,501-502 (6th Cir. 1984) (*citing Maddrix v. Dize*, 153 F. 2d 272, 275-76 (4th Cir. 1946).

The district court's obligation, at the outset, is to determine a reasonable hourly rate and calculate the hours reasonably expended on the litigation. "The product of these figures [the "lodestar"] produces a reasonably objective 'initial estimate of the value of a lawyer's services.'" *Roofers Local 307*, 732 F. 2d at 502; *Hensley v. Eckerhart*, 461 U.S. 424, 103

S.Ct. 1933 at 1939 (1983). In arriving at a figure for reasonable hours expended on the case, the court must consider whether the party seeking the award has provided sufficient documentation. "Where the documentation is inadequate, or recently compiled retrospective estimations of time expended, the district court would do violence to its judicial obligations were it to accept the amounts claimed at their value." *Roofers Local 307*, 732 F. 2d at 502. "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *Id.* at FN2.

Once the court arrives at an initial valuation, the district court judge must weigh that amount against a number of factors, including, importantly, the results obtained by the litigant. Further, the court must "be cognizant that the result achieved is necessarily more than mere financial gain." *Roofers Local 307*, 732 F. 2d at 503.

**Statement of Legal Services and Expenses**

In accordance with the proposal submitted on February 23, 2007, Plaintiffs seek to recover Thirty Thousand Fifty Dollars ($30,050.00) in fees, as well as their Three Hundred Fifty Dollar ($350.00) filing fee. Defendant, Malachi House, has agreed to pay the filing fee; but raises a number of challenges to the amount of claimed attorney fees. Defendant contends, since Plaintiffs' counsel executed a contingency fee agreement with each of the Plaintiffs, that his fees are limited to one-third of the settlement amount, or Seven Thousand Four Hundred Twenty-Four Dollars and Five Cents ($7,424.05). Moreover, Defendant asks the Court to further adjust the fee downward: (1) because the hours are "grossly excessive" (e.g., .25 hours for leaving voicemail messages; 1.25 hours for the preparation, drafting and

filing of opt-in pleadings which were essentially boilerplate; and 1.50 hours for a demand letter which largely concerned matters outside of the FLSA claim); (2) because Plaintiffs' counsel included charges for time spent with individuals who are not represented parties in this action; (3) because of the discrepancy between the amount of fees sought in the body of Plaintiffs' Motion for Protective Order and the amount of fees set forth for the same item in the proposed Statement of Legal Services and Expenses; and (4) because the settlement was reached after less than two months and before any formal discovery was conducted. Further, Defendant challenges Plaintiffs' counsel's hourly fee of Two Hundred Dollars ($200.00), and suggests a fee of One Hundred or One Hundred Fifty Dollars ($100.00 or $150.00) per hour. Defendant rightly points out that Plaintiffs' counsel provided no affidavit, attesting to his experience or to the appropriateness of the charges within the legal community.

Plaintiffs' counsel defends his current hourly rate as a sole practitioner, since he billed only ten dollars less in his previous employment as an associate in a labor and employment firm. Also, he argues a significant amount of time and energy went into this FLSA collective lawsuit; and the litigation of this case constituted approximately half of his total billable hours over the eight weeks the matter was prosecuted. He notes that the award of fees is meant to encourage private persons to vindicate their rights in the courts. Congress intended to shift the responsibility for the successful plaintiff's attorney fees to the employer. *Roofers Local 307*, 732 F. 2d at 503. Counsel represented ten out of a potential thirty-five plaintiffs and prepared and filed two lengthy and complex motions. Plaintiffs have recovered, by virtue of this settlement, a significant amount of damages – though not equaling the amount of fees sought. Nevertheless, substantial awards have been upheld even in the face of nominal

damages. *Fegley v. Higgins*, 19 F. 3d 1126 at *1134-1135 (6th Cir. 1994) (*citing Roofers Local 307, id.* ). In addition, all the employees at Defendant's institution will reap a benefit, now that overtime will be properly compensated in the future.

Although the Act and its legislative history are silent on the question of contingent fee arrangements, the courts in an array of jurisdictions have expressed no reservation in excluding contingent fee agreements from a reasonable fee determination. *Skidmore v. John J. Casale, Inc.*, 160 F. 2d 527, 531 (2d Cir.), *cert. denied* 331 U.S. 812 (1947) (panel including Judges Learned and Augustus Hand); *Harrington v. Empire Const. Co.*, 167 F. 2d 389 (4th Cir. 1948); *Hayden v. Bowen*, 404 F. 2d 682, 686 (5th Cir. 1968); and *Houser v. Matson*, 447 F. 2d 860 (9th Cir. 1971). Despite the fact that these cases involved fees awarded which were less than the contingent contract amount, the salient principle was consistent in every instance. That is, the district court shall determine a reasonable fee in FLSA cases regardless of any agreement between plaintiff and plaintiff's counsel.

> "The fact that the plaintiff has entered into an agreement with the lawyers prosecuting the case does not impact on the statutory burden of the employer, as the latter must pay what the district court determines to be a reasonable rate. The existence of a contingency contract may be considered by a district court as an element to be considered in determining the market value of an attorney's services but the court is not bound in any sense by that agreement." *Roofers Local 307*, 732 F. 2d at 504.

In light of the foregoing review of authority, and based upon the Sixth Circuit precedent in *Roofers Local 307*, this Court will not factor the alleged contingency agreement into the fee calculation; nor will the amount of fees sought in the Statement of Legal Services and Expenses be mathematically reduced to one-third of the settlement figure.

Upon an examination of the Statement of Legal Services and Expenses, and upon

consideration of the briefs, arguments and applicable law, the Court makes the following deductions:

The Court will not accept the quarter-hour charge for the eighteen separate instances in which Plaintiffs' counsel left voicemail messages between January 30, 2007 and February 21, 2007.

The Court will accept a charge of only one-half hour for each set of boilerplate opt-in documents following the initial preparation and draft.

Only one paragraph of the January 1, 2007 demand letter dealt with the FLSA; so, the Court finds a reasonable time charge for that letter is one-half hour.

Four entries from January 19, 2007 relate to an individual who was not a client in this suit; so, the four-hour charge is deducted.

Two entries from January 21, 2007 relate to an individual who was not a client in this suit; so, one and one-quarter hours are deducted.

Plaintiffs' counsel is bound by his own representation that eleven hours were spent preparing the Motion for Protective Order filed in this matter, instead of the eighteen and one-quarter hours listed in the expense statement.

In addition to these specific deductions, this Court finds Plaintiffs' counsel's documentation is inadequate, and, in the absence of an affidavit, provides insufficient, probative detail regarding his experience and the customary character of the fee in the legal community.

### III. CONCLUSION

Honoring its judicial obligations to determine an appropriate amount of attorney fees

to the prevailing party in a collective FLSA action, this Court is unable to ascertain with a high degree of certainty that Anthony J. Lazzaro's proposed hours were "actually and reasonably expended in the prosecution of the litigation." Therefore, his total amount for services and expenses is reduced by one-third; and counsel is awarded the sum of Twenty Thousand Dollars ($20,000.00). The Court acknowledges Defendant's agreement to pay Plaintiffs' filing fee of Three Hundred Fifty Dollars ($350.00), and incorporates the approved in-court settlement dated February 22, 2007.

**IT IS SO ORDERED.**

DATE: 3/19/07

*Christopher A. Boyko*
**CHRISTOPHER A. BOYKO**
**United States District Judge**

FILED

MAR 2007

CLERK OF COURTS
U.S. DISTRICT COURT, N.D.O.
CLEVELAND

-7-